UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| William Martinez,<br><br>Plaintiff,<br><br>v.<br><br>Ethicon, Inc., *et al.*,<br><br>Defendants. | Civil Action No.<br>3:18-cv-17570 (PGS) (DEA)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion filed by Defendants Johnson & Johnson and Ethicon, Inc., to partially dismiss the complaint. (ECF No. 6). In this product liability action, Plaintiff contends Defendants' defective hernia mesh product was implanted in him, causing injury. Defendants seek dismissal based on the statute of limitations and for failure to state a claim of express and implied warranty and consumer protection violations.

Plaintiff William Martinez is a Colorado resident. (Complaint, ECF No. 1 at ¶ 1). Defendants Johnson & Johnson and Ethicon are New Jersey corporations with their principal places of business in New Jersey. (*Id.* at ¶¶ 2-5). Further, the amount in controversy is greater than $75,000. (*Id.* at ¶ 6). Therefore, the Court has diversity jurisdiction. 28 U.S.C. § 1332.

The complaint contains seven counts: negligence (Count I); strict product liability (Counts II, III, and IV); breach of express warranty (Count V); breach of implied warranty (Count VI); and violation of consumer protection laws (Count VII).

## FACTS

Plaintiff Martinez underwent surgery to repair an inguinal hernia on October 7, 2014. (Complaint at ¶¶ 22-23). Martinez was implanted with an "ULTRAPRO® Hernia Patch." (*Id.* at ¶¶ 10, 23). Although it is not explicitly set forth in the complaint, it appears that Defendants "designed, manufactured, packaged, labeled, marketed, sold and distributed" the product to hospitals. (*Id.* at ¶ 10). The hospital, in turn, sold the mesh to Martinez. (*Id.* at ¶¶ 9-10).

"In the months following the implant" – the complaint does not provide dates – Martinez continued to experience chronic abdominal pain and multiple infections. (*Id.* at ¶ 25). Martinez had the product surgically removed on February 17, 2017. (*Id.*). Martinez filed the complaint on December 26, 2018.

## LEGAL ANALYSIS

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

## Choice of Law

This motion presents a choice-of-law issue relating to application of the proper statute of limitations. Courts faced with choice-of-law issues must "apply the forum's choice-of-law principles." *Noye v. Johnson & Johnson Servs., Inc.*, 765 Fed. App'x 742 (3d Cir. 2019). The application of the proper statute of limitations is governed by *McCarrell v. Hoffman-LaRoche*, 227 N.J. 569 (2017).

The New Jersey Supreme Court has adopted the Second Restatement of Conflict of Laws with regard to statutes of limitations, and thus has mandated the following framework:

3

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6.[1] In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
>> (1) The forum will apply its own statute of limitations barring the claim.
>>
>> (2) The forum will apply its own statute of limitations permitting the claim unless:
>>
>>> (a) maintenance of the claim would serve no substantial interest of the forum; and
>>>
>>> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

*McCarrell v. Hoffman-La Roche, Inc.*, 227 N.J. 569, 583 (2017) (quoting Restatement (Second) of Conflict of Laws § 142). *McCarrell* further clarified this standard with regard to claims against a New Jersey manufacturer by an out-of-state citizen:

> A New Jersey company, generally, should not have to defend against a claim that is stale under this State's statute of limitations in our courts, whether that claim is brought by a New Jersey resident or a citizen of another state. When a plaintiff from another state with a longer limitations period seeks to press a claim against a New Jersey manufacturer in our state courts after New Jersey's statute of limitations has expired, section 142 ordinarily will not permit the claim to proceed.

*Id.* at 594. There being no "exceptional circumstances" mandating departure from the Restatement's general rule, the Court applies New Jersey's statute of limitations to this action.

---

[1] "[T]he section 6 principles are: '(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states.'" *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 147 (2008) (quoting *Erny v. Estate of Merola*, 171 N.J. 86, 101-02 (2002)).

## Statute of Limitations

Defendants seek to dismiss Martinez's breach of warranty claims – Counts V and VI – on statute of limitations grounds. New Jersey's statute of limitations for breach of warranty claims provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." N.J. Stat. Ann. § 12A:2-725(1).[2] A breach of warranty action "accrues when the breach [of warranty] occurs, regardless of the aggrieved party's lack of knowledge of the breach." N.J. Stat. Ann. § 12A:2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty *explicitly* extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* (emphasis added). "This provision quite clearly establishes a general rule, that the discovery principle does not apply to breach of warranty actions, and an exception, applicable to warranties that explicitly extend to future performance." *Wiseberg v. Toyota Motor Corp.*, No. 11-cv-3776, 2012 WL 1108542 (D.N.J. March 30, 2012) (quoting *S. Jersey Gas Co. v. Mueller Co. Ltd.*, No. 09-cv-4194, 2010 WL 1742542 at 6 (D.N.J. April 27, 2010)).

Under this rule, "[i]mplied warranties, by their very nature, cannot extend to future performance because such an extension must be explicit and an implied warranty cannot explicitly state anything." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 600 (D.N.J. 2016) (quoting *Travelers Indem. Co. v. Damman & Co., Inc.*, 592 F. Supp. 2d 752, 765 (D.N.J. 2008)). "Thus 'a cause of action for breach of implied warranty accrues when delivery of the product is made, regardless of the purchaser's lack of knowledge.'" *Id.* (citation omitted).

---

[2] This statute, which applies to contracts *for sale*, is not to be confused with the six-year statute of limitations that applies in ordinary breach of contract actions. *See* N.J. Stat. Ann. § 2A:14-1 ("This section shall not apply to any action for breach of any contract for sale governed by section 12A:2-725 of the New Jersey Statutes").

5

Here, Martinez's only allegation regarding an express warranty is: "The ULTRAPRO® mesh is marketed to the medical community and to patients as a safe, effective, and reliable medical device, implanted by safe and effective, minimally invasive surgical techniques, and is safer and more effective as compared to other products." (Complaint at ¶ 15). This allegation makes no reference to an explicit extension to future performance.

Martinez's warranty claims accrued on October 7, 2014, which was the day of his implant surgery and the day "tender of delivery" was made. He filed the complaint on December 26, 2018; more than four years after the accrual date. Therefore, Counts V and VI are dismissed.

## Consumer Protection Laws

In Count VII, Martinez alleges violations of consumer protection laws. The complaint cites two California consumer protection statutes and the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301 *et seq.* Martinez's brief, however, also sets forth an argument under the Colorado Consumer Protection Act (CCPA). The Court will address each claim in turn.

First, California law clearly does not apply here because California has no connection whatsoever to any of these three cases. Therefore, that claim is not cognizable.

Second, Martinez seeks relief under the MMWA. "Claims under the MMWA depend upon the disposition of the underlying state law warranty claims." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 600 (D.N.J. 2016). "Thus, if there exists no actionable [state law] warranty claim, there can be no violation of the MMWA." *Id.* Martinez's state law breach of warranty claims do not survive and therefore his MMWA claims also fail. *See Dawson v. General Motors, LLC*, No. 19-cv-8680, 2019 WL 3283046 at 7 (D.N.J. Jul 22, 2019).[3]

---

[3] Moreover, Martinez's MMWA claim is not cognizable because he is "plainly . . . seeking recompense for personal injuries," which are generally "not cognizable under the MMWA." *Abedrabbo*, 756 F. Supp. 2d 18, 21-23 (D.D.C. 2010).

Third, Martinez's claims under the CCPA must also be dismissed. There are five elements of a CCPA claim:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
>
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
>
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
>
> (4) that the plaintiff suffered injury in fact to a legally protected interest; and
>
> (5) that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). To assert a claim under the CCPA, a plaintiff "must meet the heightened Rule 9(b) pleading standard." *Two Moms and a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012). "Rule 9(b) requires a complaint to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *HealthONE of Denver, Inc. v. United Health Group, Inc.*, 805 F. Supp. 2d 1115, 1121 (D. Colo. 2011).

Martinez makes conclusory and nonspecific allegations regarding Defendants' unfair or deceptive conduct, including:

> The ULTRAPRO® mesh is marketed to the medical community and to patients as a safe, effective, and reliable medical device, implanted by safe and effective, minimally invasive surgical techniques, and is safer and more effective as compared to other products.
>
> . . . .
>
> Unfair methods of competition or deceptive acts or practices that were proscribed by law, including the following:
7

(a) Representing that goods or services have characteristics, ingredients, uses, benefits or qualities that they do not have.

(b) Advertising goods or services with the intent not to sell them as advertised; and,

(c) Engaging in fraudulent or deceptive conduct that creates a likelihood of confusion or misunderstanding.

(Complaint at ¶¶ 15, 68).

These allegations, among others, are insufficient to satisfy the heightened pleading standard set forth by Federal Rule of Civil Procedure 9(b). Therefore, Martinez's claim for consumer protection violation (Count VII) is dismissed.

## ORDER

This matter comes before the Court on a motion to dismiss Counts V, VI, and VII filed by Defendants. The Court has considered the written submissions of the parties and held oral argument on April 11, 2019. Accordingly, for the reasons stated in this Court's written opinion, which accompanies this order, and for good cause shown,

IT IS on this 12th day of September, 2019,

**ORDERED** that Defendant's motion for partial dismissal (ECF No. 6) is granted; and it is further

**ORDERED** that Counts V, VI, and VII are dismissed without prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.